IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IVORY THOMAS

vs.                                                                5:06cv249/RS/MD

SCOTT MIDDLEBROOK

## REPORT AND RECOMMENDATION

This matter is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1). The government has filed a response (doc. 8), the petitioner has filed a reply  (doc. 10) and the government has filed a response to this reply (doc. 11).

Petitioner Ivory Thomas is a federal prisoner currently housed at the Federal Correctional Institution in Marianna, Florida with a projected release date of January 24, 2008.[1]  He was convicted of possession with intent to distribute cocaine in the Middle District of Alabama.  A firearm charge was dismissed.  In calculating his sentence, the court considered a two point adjustment for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1).  In his motion, he states that he files the instant habeas corpus application to ensure that he receives a one year sentence reduction in spite of the sentencing enhancement he received.  He contends that since the firearm charge was dismissed, the enhancement was based on some other party's possession of a firearm, and he should be eligible for early release.

---

[1] http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&LastName=Thomas&Middle=&FirstName=Ivory&Race=U&Sex=U&Age=&x=38&y=26.

Respondent notes that petitioner was provided with a provisional determination of his ineligibility for the sentence reduction prior to his participation in the RDAP (doc. 8, exh. 3), which was recorded as final on June 30, 2005. (Doc. 8, exh. 4). Pursuant to BOP Program Statement 5162.04, the BOP has used the discretion vested in it by Congress to preclude eligibility for early release to those inmates whose current offense is a felony that . . . involved the . . . possession . . . of a firearm or other dangerous weapon. . ." (Doc. 8, exh. 5 at 9). Petitioner knew of this before beginning the RDAP program on June 24, 2005, and certainly before completing it on August 31, 2006.

Exhaustion of Administrative Remedies

Petitioner filed an administrative remedy on August 18, 2006 seeking the one year sentence reduction, claiming that the Program Statements relied upon in denying him the reduction were invalid. (Doc. 1, exh. A, part two). Petitioner's request was denied due to his drug conviction and his sentence enhancement. (Doc. 1, exh. A, part three). Petitioner appealed to the regional director on September 24, 2006, and his appeal was denied on October 13, 2006. (Doc. 1, exh. A, part 4). In the appeal response, petitioner was informed of the proper procedures for appealing that decision. On November 7, 2006 he again appealed to the Regional Director. This appeal was rejected because it was submitted to the wrong office. (Doc. 8, exh. 3). On December 7, 2006 he appealed to the Director Bureau and it was rejected as untimely. (Doc. 8, exh. 3). The respondent argues that the petition should be dismissed due to petitioner's failure to properly exhaust his administrative remedies, while petitioner argues that any further attempts at exhaustion would be futile.

Although the exhaustion requirement of the PLRA does not apply to habeas petitions, it is well established that prisoners must exhaust administrative remedies before habeas relief can be granted, including relief pursuant to § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632, 634 (2nd Cir. 2001) (addressing § 2241 petition); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (addressing § 2241 petition); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.

1981) (discussing habeas petitions in general); *United States ex rel. Sanders v. Arnold*, 535 F.2d 848, 850-51 (3rd Cir. 1976) (same); *Willis v. Ciccone*, 506 F.2d 1011, 1014-15, n. 3 (8th Cir. 1974) (same).  This requirement is jurisdictional.  *Winck v. England,* 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (recognizing that although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a § 2241 writ of habeas corpus, exhaustion is jurisdictional in the Eleventh Circuit);  *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam) (same); *cf. Boz v. United States*, 248 F.3d 1299, 1300 (11th Cir. 2001) (per curiam) (Also jurisdictional is "[t]he general rule ... that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.") (internal quotation marks and citation omitted).

      The Bureau of Prisons provides a four-level administrative grievance procedure for prisoner complaints.  28 C.F.R. § 542.10-542.16.  Initially, prisoners must seek resolution of issues through informal grievances.  *Id.* at § 542.13(a).  If unsuccessful, an inmate may then file a formal written complaint with the institution.  *Id.* at § 543.13(b).  An appeal may then be taken to the Regional Director.  *Id.* at § 542.15.  Finally, an inmate may appeal the Regional Director's response to the General Counsel for the BOP.  *Id.*  Each of these steps is generally required to satisfy the exhaustion prerequisite.  Furthermore, an inmate is required to exhaust administrative remedies before seeking habeas relief, rather than doing so while a petition is pending.  *Meagher v. Dugger*, 737 F.Supp. 641, 643 (S.D. Fla. 1990).

      In this case, petitioner clearly has not properly exhausted his administrative remedies prior to filing suit, and his case is subject to dismissal on that ground.  In addition, at least one of the specific issues raised, petitioner's claim of due process and equal protection violations, were not brought to the attention of prison officials before he filed this case.

      <u>Petitioner's Substantive Claim of Improper Denial of Sentence Reduction</u>

      Title 18 U.S.C. § 3621(e)(2)(B) grants the BOP discretion to reduce by up to one year the sentence of a prisoner who successfully completes a substance abuse treatment program.  Title 28 C.F.R. § 550.58 provides additional considerations for early release

under this statute, and certain categories of inmates are not eligible for early release. Subsection § 550.58(a)(vi)(B) provides that inmates whose current offense is a felony that involved the carrying possession or use of a firearm are not eligible for early release. Petitioner contends that he was improperly denied the one year sentence reduction on this basis. However, tThe BOP's discretionary authority to preclude early release based on this regulation was upheld in *Lopez v. Davis*, 531 U.S. 230, 240 & 244, 121 S.Ct. 714, 724, 148 L.Ed.2d. 635 (2001).[2]

Petitioner also alleges a violation of the Due Process clause with respect to the denial of early release because other inmates who he alleges were similarly situated did receive the one year sentence reduction. In order to establish a violation of the Due Process Clause, he must have been deprived of a liberty or property interest protected under the Fifth Amendment. *Cook v. Wiley*, 208 F.3d 1314, 1322 (11th Cir. 2000) (citing *American Mfrs. Ins. Co. v. Sullivan*, 526 U.S. 40, 59, 119 S.Ct. 977, 989, 143 L.Ed.2d 130 (1999)). However, petitioner has no constitutional or inherent right in being released before the completion of a valid sentence. *Cook v. Wiley*, 208 F.3d at 1322 (citing *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979). And, § 3621 does not create a constitutionally protected liberty interest because the sentence reduction is left to the "unfettered discretion of the BOP." *Cook*, 208 F.3d at 1323 (citing *Olim v. Wakinewkona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983)).

Finally, relying on a district court case from the District Court of Oregon, he challenges the implementation of 28 C.F.R. § 550.58 and Program Statement 5162.04 under the Administrative Procedures Act. *Bohner v. Daniels*, 243 F.Supp.2d 1171 (D. Or. 2003), aff'd by *Paulsen v. Daniels*, 413 F.3d 999 (9th Cir. 2005). The APA requires federal agencies to provide public notice of proposed rule making and a 30-day period for public

---

[2] Petitioner relies on *Byrd v. Hasty*, 142 F.3d 1395 (11th Cir. 1998) for the proposition that the BOP may not categorically exclude from eligibility for early release those inmates convicted on nonviolent felony offenses who received a sentencing enhancement for possession of a firearm. The regulation cited herein, § 550.58 was published after *Byrd* in response to an interpretive split among the circuits. *Lopez*, 531 U.S. at 235, 121 S.Ct. at 719.

*Case No: 5:06cv249/RS/MD*

comment prior to a regulation becoming effective.  5 U.S.C. § 553(b), (c), and (d).  A regulation that is not promulgated in compliance with the APA is invalid.  *See Auer v. Robbins,* 519 U.S. 452, 459, 117 S.Ct. 905, 910, 137 L.Ed.2d 79 (1997).  That is wht petitioner contends is the situation in the instant case.  The case on which he relies, *Bohner v. Daniels,* held that the BOP failed to comply with the notice and comment requirements of section 553(b) of the APA with respect to the promulgation of its interim rule, such that interim rule 28 C.F.R. § 550.58 was invalid.  243 F.Supp.2d at 1176-1177.

To the extent petitioner believes that *Bohner* is binding on this court, he is mistaken.  As a general rule, a district judge's decision neither binds another district judge nor binds him, although a judge ought to give great weight to his own prior decisions.  *McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) (citing 18-134 MOORE'S FEDERAL PRACTICE--CIVIL § 134.02 (Matthew Bender & Co., Inc. 2003)). A circuit court's decision binds the district courts sitting within its jurisdiction while a decision by the Supreme Court binds all circuit and district courts. *Id*.

Furthermore, *Bohner* considered the validity of the interim regulation published in 1997, rather than the final regulation published on December 22, 2000.  Petitioner was sentenced on December 3, 2001, well after the effective date of the final version of § 550.58.  Thus, the version of the regulation applied to him was the final, rather than interim, version.  The fact that the interim version may have been invalid under the APA is irrelevant if the regulation was properly finalized before its application to petitioner.  *See Miller v. Gallegos,* 125 Fed. App. 934, 936 (10th Cir. 2005) (noting that the *Bohner* court had invalidated only the interim regulation, and that the Supreme Court in *Lopez* had declined to address a procedural challenge to the interim regulation).  Petitioner has offered no argument to suggest that the final rule was invalid, and the invalidity of an interim rule that was not applied to him is irrelevant to his status.

Finally, with respect to his challenge to the validity of Program Statement 5162.04, which interprets 28 C.F.R. § 550.58, a program statement is an internal agency guideline not subject to the notice and comment requirements of the APA. See *Cook v. Wiley,* 208

F.3d 1314, 1317 (11th Cir. 2000); *Royal v. Tombone*, 141 F.3d 596, 600 (5th Cir.1998); *Reno v. Koray*, 515 U.S. 50, 61, 115 S.Ct. 2021, 2027, 132 L.Ed.2d 46 (1995).

Based on the foregoing, it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus (doc. 1) be DENIED.

At Pensacola, Florida, this 15th day of June, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).